IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHARLES MEAD,

    Plaintiff,

v                                                                 No. _____

JASON JOSEPH, JOHN DOE 1,
JOHN DOE 2, JAMES WASHAM,
and CITY OF KINGSTON, TENNESSEE,

    Defendants.

## COMPLAINT

Plaintiff Charles Mead, by his counsel, sues the Defendants, and for his cause of action states:

### I. **INTRODUCTION**

1. This is a civil rights action for compensatory and punitive damages brought by Plaintiff pursuant to 42 U.S.C. §1983, because of actions by the Defendants, which occurred on or about November 12, 2005, in Roane County, Tennessee, which actions violated Plaintiff's rights as guaranteed under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Furthermore, Plaintiff requests this Court to exercise its pendent jurisdiction over his transactional state claims.

### II. **JURISDICTION**

2. Jurisdiction is founded upon 28 U.S.C. §1343.

## III. PARTIES

3. Plaintiff Charles Mead is a citizen and resident of Roane County, Tennessee, residing in Rockwood, Tennessee.

4. Defendant Jason Joseph is a police officer, employed by the City of Kingston, Tennessee. This Defendant is sued individually and in his official capacity.

5. Defendants John Doe 1 and John Doe 2 are police officers employed by the City of Kingston, Tennessee. These Defendants are sued individually and in their official capacities.

6. Defendant James Washam is the Chief of Police of the City of Kingston, Tennessee, and sued only in his official capacity.

7. Defendant City of Kingston, Tennessee, is a governmental entity, organized and existing pursuant to the laws of the State of Tennessee.

## IV. FACTUAL ALLEGATIONS

8. On or about November 12, 2005, Plaintiff was traveling west on Interstate 40 (I-40), west of the Kingston exit, when he was pulled over by Defendant Jason Joseph, and other defendants. Plaintiff is a woodworker and had been to the Foothills Craft Guild Show (to sell his wares) at the Jacobs Building at Chilhowee Park in Knoxville, Tennessee, and was returning to his home in Rockwood, Tennessee, when he was pulled over at approximately 6:45 p.m. The sun had set long before, and it was dark.

9. As soon as he stopped his vehicle, he heard a voice from behind yelling at him to put both of his arms out the window. He did so. The next thing he

knew, he was being grabbed by the collar, dragged out of his vehicle, and told to lay on the ground.

10. Plaintiff is crippled, and walks with the aid of two (2) canes. As a result, he told the officer that he was unable to get on the ground. At that, Defendant Joseph threw him across the back of his truck bed, grabbed his hands, and forcefully placed his wrists in handcuffs. Defendant Joseph attached the handcuffs so tightly that they caused his wrists to bleed.

11. After Plaintiff was handcuffed, and his head forced down into the bed of the truck, he was frisked, and his wallet was removed from his left front pocket. He was never told why he was being pulled over.

12. Not too long thereafter, another officer from the Kingston Police Department showed up, and commented to Plaintiff, "Are you not the fellow that works with wood?" When Plaintiff responded that he was, the officers began to ease up on him, and very shortly thereafter, released him by unhooking the handcuffs and letting Plaintiff depart the premises.

13. When Plaintiff is at a woodworking show, which he was engaged in that very day in Knoxville, Tennessee, he sells his crafts of wood. His accounting system is simply comprised of putting his cash in his pocket, and then counting it up at the end of the day, once he returns home. On the day in question, he had sold many items and had a significant amount of cash in his pocket in the approximate amount of $2,000.00. After the Defendant officers had removed his wallet and completed their search of him, Plaintiff discovered that he did not have any of his money with him.

Plaintiff avers that his approximately $2,000.00 was stolen by the Defendant officers.

14. Plaintiff contacted the City of Kingston, Tennessee dispatcher to reach the police department, to lodge a complaint, and was greeted on the telephone by Defendant Jason Joseph, who told him that he had been following him, and that he had a video which would justify the stop. No such video was ever forthcoming.

15. Plaintiff requested and received an audience with the Chief of Police, Defendant James Washam, Defendant Jason Joseph and other officers. At that meeting, Defendant Jason Joseph said that he did not have a video, and Defendant James Washam apologized for the incident. Despite the apology, Plaintiff was never informed as to the reason for which he was pulled over; his stolen money was never returned to him; and he never received any compensation for his injuries. Plaintiff avers that he has exhausted his administrative remedies.

16. As a proximate result of the unconstitutional actions of Defendant Jason Joseph and the other defendants, Plaintiff has endured pain and suffering, including, but not limited to, injuries to his wrists and back, as well as mental and emotional trauma, for all of which he seeks damages.

17. At all times relevant, Defendant James Washam was the supervisor of Defendants Jason Joseph and the other John Does, and Plaintiff avers that Defendant James Washam and Defendant City of Kingston, Tennessee, were grossly negligent or intentionally hired Defendant Jason

Joseph and other John Does, with little or no investigation, or grossly inadequate investigation, into the defendants' fitness to be police officers. Further, Defendant James Washam and Defendant City of Kingston, Tennessee, exercised no, or grossly inadequate, supervision over Defendant Jason Joseph and the other John Does, after they became police officers for Defendant City of Kingston, Tennessee.

18. Finally, Defendant James Washam and Defendant City of Kingston, Tennessee, failed to properly train Defendants Jason Joseph and the other John Does in proper police and penal procedure, which resulted in Plaintiff's constitutional rights being violated.

19. At the time in question, Defendant City of Kingston, Tennessee, had in place a policy or custody of improperly hiring persons like Defendant Jason Joseph and the other John Does and/or not properly training or supervising them, so that Plaintiff's constitutional rights were violated.

20. The actions of Defendant Jason Joseph and the other John Does evidenced a deliberate indifference to the rights of the Plaintiff, and an intent to deprive the Plaintiff of his clearly established constitutional rights.

21. At all times relevant herein, Defendants, and each of them, were acting under color of State law, and under the customs and usages of the State of Tennessee.

## V. CAUSES OF ACTION

### A. FEDERAL CLAIMS

22. Plaintiff incorporates by reference paragraphs 1-21 within this count.

23. The actions of the Defendants, and each of them, deprived Plaintiff of his right to be secure in his person and property; to be free from unreasonable searches and seizures; to be free from arrest except upon a showing of probable cause, supported by oath or affirmation; not to be deprived of liberty without due process of law; and not to have the excessive use of force used upon him, all as guaranteed under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §1983.

24. As a proximate result of these constitutional violations, Plaintiff has endured pain and suffering, both physically and emotionally, been embarrassed and humiliated, incurred medical expenses, and lost wages.

25. Defendant Jason Joseph, and other John Does, acted in bad faith, and with a motive to intentionally violate the clearly established constitutional rights of the Plaintiff, with such reckless regard of those clearly established constitutional rights, so as to render these Defendants liable to the Plaintiff for punitive damages.

## B. STATE CLAIMS

26. Plaintiff incorporates by reference paragraphs 1-25 as set out above.

27. The actions of Defendant Jason Joseph and the other John Does, in seizing and searching and arresting and using excessive force upon Plaintiff, constitute the state torts of assault and battery, false arrest and imprisonment and outrageous conduct.

28. Defendant Jason Joseph and the other John Does acted in bad faith, with

ill will, malice and spite toward the Plaintiff, and with a motive and purpose to intentionally harm him, so as to render these Defendants liable to the Plaintiff for punitive damages.

## PRAYER FOR RELIEF

PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That this Court empanel a jury to try this action.

2. That Plaintiff be awarded the sum of one million dollars ($1,000,000.00) compensatory damages against the Defendants, and five hundred thousand dollars ($500,000.00) punitive damages against Defendant Jason Joseph and the other John Does.

3. That Defendant City of Kingston, Tennessee, be enjoined from future negligent conduct in hiring persons without an adequate background investigation, and from failing to properly train and supervise its police officers.

4. That Plaintiff be awarded his reasonable attorney fees and costs.

5. That Plaintiff have such other, further and general relief to which he may show himself entitled.

Respectfully submitted this 3rd day of March, 2006.

s/John E. Eldridge
John E. Eldridge (BPR No. 06667)
Attorney for Plaintiff
ELDRIDGE & GAINES, PLLC
606 W. Main Street, Suite 350
P.O. Box 84
Knoxville, TN 37901-0084
(865) 523-7731
C:\Documents and Settings\Shannon\My Documents\John\Mead, Charlie\complaint.wpd